UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Therese Dickow, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                                                                                         Case No. 12-10337

JP Morgan Chase Bank, N.A., *et al.*,                          Sean F. Cox
                                                                                           United States District Judge
    Defendants.
_____/

## OPINION & ORDER

Plaintiff and her husband took out a $380,000 mortgage on their home and defaulted on the mortgage. Defendant JPMorgan Chase Bank, N.A., successor in interest from the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank, ("Chase") commenced foreclosure proceedings in state court, that were contested by Plaintiff. Chase ultimately prevailed in the state-court proceedings and obtained a possession judgment. After losing in state court, Plaintiff then filed this putative class action against Chase, asserting a litany of claims that all ask this Court to void the rulings, orders and judgment issued in the state-court foreclosure proceedings. The matter is currently before the Court on Chase's Motion to Dismiss. For the reasons set forth below, the Court shall GRANT Chase's motion and DISMISS THIS ACTION WITH PREJUDICE because the *Rooker-Feldman* Doctrine precludes this Court from exercising subject matter jurisdiction over Plaintiff's claims.

## BACKGROUND

This action involves real property located at 4250 Margate Lane in West Bloomfield,

Michigan ("the Property"). (Pl.'s First Am. Compl. at ¶ 1).

On or about September 9, 1993, Eugene Dickow and Therese Dickow, husband and wife, acquired the Property. (*Id*. at ¶ 22). On August 6, 2007, Eugene and Therese Dickow executed a mortgage loan in the amount of $381,119.00 with Washington Mutual Bank. ("Washington Mutual") (Ex. B to First Am. Compl.). Upon default, Chase, as successor in interest from the F.D.I.C., as Receiver for Washington Mutual, commenced foreclosure proceedings. Chase was the successful bidder at the Sheriff's Sale. (Ex. D to First Am. Compl.). The redemption period was set to expire on June 1, 2010. (*Id*.).

On May 31, 2010 – the day before the redemption period was to expire – Mrs. Dickow filed a Chapter 13 Bankruptcy Petition in the Eastern District of Michigan, Case No. 10-57997 before the Honorable Steven Rhodes. (First Am. Compl. at ¶ 39). She was represented in that action by attorney Jack Wolfe.

In that bankruptcy case, Chase filed a Motion for Relief from Automatic stay, so that it could file an action for possession of the Property in the state courts. Mrs. Dickow opposed that motion, arguing that the foreclosure sale is void or voidable and was held by a party without standing to conduct the sale, without proper notice and in violation of Michigan law. (Ex. 2 to Def.'s Br., Tr. of 9/20/10 Hrg.). Judge Rhodes granted Chase's Motion for Relief from the Automatic Stay, concluding that all of the issues that Mrs. Dickow raised "instead of constituting cause to maintain the stay in effect, constitute cause for relief from the stay. So that these issues can be presented in State Court." (*Id*.). Judge Rhodes issued a written order Granting Chase's Motion for Relief from Stay on September 21, 2010. (Ex. J to Pl.'s First Am. Compl.)

On October 13, 2010, Chase filed a Complaint for Termination of Tenancy in the 48th

District Court. (Pl.'s First Am. Compl. at ¶ 40). That case, Case No. 10-35020, was assigned to the Honorable Marc Barron. Eugene and Therese Dickow were represented by attorney Jack Wolfe in that action. In their Answer to the complaint in that action, Mr. and Mrs. Dickow argued that, among other things, Chase did not own the loan because "there is no recorded assignment [from WaMu to Chase] . . . with the Oakland County [R]egister of [D]eeds . . ." (Ex. K to Pl.'s First Am. Compl.).

Judge Barron rejected the arguments made by Mr. and Mrs. Dickow, "finding no defect or irregularity in the foreclosure process, that the Foreclosing Lender had standing, and that the trial court had the subject matter jurisdiction to grant a judgment of possession." (Pl.'s First Am. Compl. at ¶ 48; *see also* Ex. N to Pl.'s First Am. Compl.). Judge Barron issued a Judgment of Possession in favor of Chase on May 13, 2011 and ordered that a writ of restitution may issue on or after May 23, 2011. (Ex. 4 to Def.'s Br.)

Dickow appealed the trial court's ruling to the Oakland County Circuit Court where it was assigned to Judge Leo Bowman. Jack Wolfe represented Dickow in that action. On August 31, 2011 the parties appeared for oral argument. "At the August 31, 2011 hearing Judge Bowman dismissed the appeal over Dickow's counsel's arguments that there was no assignment of mortgage to Chase Bank in the record chain of title at First Publication or prior to the Sheriff Sale." (Pl.'s First Am. Compl. at ¶ 49).

Dickow filed a Motion for Reconsideration before Judge Bowman, which was denied in an Opinion issued on October 10, 2011. (Pl.'s First Am. Compl.; Ex Q to same).

Chase then filed a motion seeking an order of eviction before Judge Barron but Mr. Dickow filed for Chapter 13 Bankruptcy Protection on October 16, 2011 – the day before the

hearing on the eviction motion. (Pl.'s First Am. Compl. at ¶ 51; *see* Ex. R to same). Jack Wolfe represented Mr. Dickow in that bankruptcy action. Chase then filed a motion to lift the bankruptcy stay, which the bankruptcy court granted on December 16, 2011, allowing Chase to proceed with eviction. (Pl.'s First Am. Compl. at ¶ 52; *see also* Ex. R to same).

On January 13, 2012, the Michigan Court of Appeals issued *Kim v. JPMorgan Chase Bank, NA*, 295 Mich.App. 200 (2012). That case, like this case, involved a Washington Mutual mortgage that the FDIC acting as Receiver transferred to Chase. In *Kim*, the Michigan Court of Appeals held that, pursuant to Mich. Comp. Laws § 600.3204(3), Chase was required to record its mortgage interest before the sheriff's sale. *Id*. at 208. The court further held that the foreclosure at issue in that case was therefore void *ab initio*. *Id.*

Dickow, again represented by Jack Wolfe, then returned to the Oakland County Circuit Court and filed a motion to set aside the dismissal of the appeal, on January 19, 2012, based upon the decision in *Kim* by the Michigan Court of Appeals. (Pl.'s First Am. Compl. at 53). Judge Bowman denied that motion in an Order issued on January 25, 2012. In doing so, Judge Bowman noted that the appeal period had already lapsed:

> THE COURT: My ruling in this case starts with the – actually the first argument counsel made. This case was before the Court originally as an appeal, and I denied the request, I denied the appeal. Subsequently, there was a request for reconsideration. I reviewed that and denied it based upon the law that the Court reviewed and determined to be controlling.
> Counsel is now before the Court saying Judge, there was an appellate decision that came out subsequent to the Court's ruling, which in the first instance means the ruling the Court made based upon the law existing at the time is conformity with the law existing. Counsel says there is a new decision apparently that came out within two months after this Court's ruling.
>> The Defendant – or I should – *the Defendant in this case, as counsel pointed out, if you disagreed with the Court's original ruling and my denial of the motion for reconsideration, and there was new authority, appeal it.* The Court of Appeals – *you take it before the Court of Appeals*; that was at least your right to

4

> seek leave to appeal and ask – *see if the Court of Appeals would in this decision reverse this Court, remand it, stay my ruling* pursuant to the very relief that you're now before this Court on *requesting after leave to appeal period has lapsed to come back to me and say Judge I want you to in essence set the decision aside based upon this authority*, I find does not comport with the court rule, and the relief is denied.

(*See* Hrg. Tr., attached as Ex. 5 to Def.'s Br.) (emphasis added).

Therese Dickow then filed this action on January 25, 2012 (s*ee* Compl., D.E. No. 1), claiming on behalf of herself and a proposed class of similarly-situated persons, that Chase's foreclosure of the Property was void for lack of a record chain of title. Attorney Jack Wolfe filed the action on behalf of Dickow. Therese Dickow was the only named plaintiff in the original complaint, which asserted claims against the following three Defendants: 1) Chase; 2) Board of Governors of the Federal Reserve System; and 3) Office of Comptroller of the Currency.

At the request of the parties, this Court stayed this action during the pendency of Chase's appeal of *Kim* to the Michigan Supreme Court. (*See* D.E. Nos. 19, 22, 29).

On December 21, 2012, the Michigan Supreme Court issued its Opinion in the *Kim* case. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98 (2012). The Michigan Supreme Court affirmed in part, and reversed in part, the decision of the Michigan Court of Appeals. The Court held that Chase "did not acquire plaintiffs' mortgage by operation of law. Rather, defendant acquired that mortgage through a voluntary purchase agreement. Accordingly, [Chase] was required to comply with the provisions of MCL 600.3204." *Id*. at 102. But it further held, "differently than did the Court of Appeals," that the foreclosure sale was "voidable rather than void *ab initio*." *Id.* The decision explained that "'[v]oid *ab initio*' is defined as '[n]ull from the beginning, as from the first moment when a contract is entered into," whereas, "[b]y contrast,

5

'voidable' is defined as '[v]alid until annulled; [especially], (of a contract) capable of being affirmed or rejected at the option of one of the parties.'" *Id*. at 102 n.2. The Court explained that:

> [D]efects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*. Because the Court of Appeals erred by holding to the contrary, we reverse that portion of its decision. We leave to the trial court the determination of whether, under the facts presented, the foreclosure sale of plaintiff's property is voidable. In this regard, to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute.

*Id*. at 115-16. In his concurring opinion, Justice Markman offered additional guidance concerning the nature of the "prejudice" that a plaintiff must demonstrate in order to set aside a foreclosure. *Id*. at 121. He suggested that courts consider the following factors: 1) whether the plaintiff was misled into believing that no sale had been had; 2) whether the plaintiff acted promptly after becoming aware of the facts on which his or her complaint is based; 3) whether the plaintiff made an effort to redeem the property during the redemption period; 4) whether the plaintiff was represented by counsel throughout the foreclosure process; and 5) whether the defendant relied on the apparent validity of the sale by taking steps to protect its interest in the subject property. *Id.*

Attorney Audra Arndt entered an appearance in this action on behalf of Plaintiff on March 6, 2013. In April of 2013, attorney Jack Wolfe ceased representing Plaintiff in this action, after being suspended from the practice of law in Michigan. Stuart Sandweiss and the Sandweiss Law Center, P.C. substituted in as counsel for Plaintiff. (D.E. No. 29).

Later, after the Michigan Supreme Court's decision in *Kim*, a "Stipulated Order Lifting Stay And Setting Date For Plaintiffs To Amend Complaint" was filed in this action. (D.E. No.

32). That Stipulated Order stated, in pertinent part, that:

> On May 30, 2013, the parties, through their counsel, appeared at a status conference. *Plaintiffs [sic] indicated they wished to amend their complaint because, among other reasons, they intended to eliminate the class action aspect of their lawsuit in light of the Kim decision.* The Court then indicated it would lift the stay, allow thirty (30) days for Plaintiffs [sic] to file an amended complaint, and rule that Defendants shall not be required to answer the original complaint.
> The parties now, at the Court's request, submit this Stipulated Order to memorialize the Court's ruling.
> IT IS HEREBY ORDERED that the stay is immediately lifted and the October 7, 2013 status conference is cancelled.
> IT IS FURTHER ORDERED that Plaintiffs [sic] shall have until July 1, 2013 to file an amended complaint.
> IT IS FURTHER ORDERED that all Defendants shall not be required to answer the original complaint unless otherwise instructed by the Court.

(*Id*. at 2-3) (emphasis added).

Plaintiff filed a "First Amended Class Action Complaint And Jury Demand" on July 1, 2013. Thus, Plaintiff did not eliminate the class action allegations as Counsel had represented they were going to do. The amended complaint added Defendant Orlans Associates, P.C. ("Orlans") as a Defendant and dropped the Board of Governors of the Federal Reserve System and Office of Comptroller of the Currency as Defendants.[1] Accordingly, the only two Defendants that remain in this action are Chase and Orlans. The docket indicates that Orlans has yet not been served.

Plaintiff's First Amended Complaint includes the following counts: "Injunctive Relief Against Chase Bank" (Count I); "Declaratory Relief Against Chase Bank" (Count II); "Slander Of Title Against Chase Bank" (Count III); "Violation of Fair Debt Collection Practices Act 15

---

[1] At the November 14, 2013 hearing, Plaintiff's Counsel stated on the record that Plaintiff wishes to voluntarily dismiss all claims against the Board of Governors of the Federal Reserve System and the Office of Comptroller of the Currency.

U.S.C. § 1692, et seq. Against Chase Bank And Orlans Associates, P.C." (Count IV); "Unjust Enrichment Against Chase Bank" (Count V); "Fraud Against Chase Bank" (Count VI); "Trespass Against Chase Bank" (Count VII); "Action To Set Aside Foreclosure Sale/Quiet Title Against Chase Bank" (Count VIII); "Action For Possession Against Chase Bank" (Count IX); "Action For Damages For Unlawful Interference With Possessory Interest Against Chase Bank" (Count X); and "Action For Negligence Against Chase Bank" (Count XI). Dickow is the only named plaintiff in the First Amended Complaint.

On July 31, 2013, Chase filed a Motion to Dismiss. (D.E. No. 36). That motion has been fully briefed by the parties and the Court held a hearing on November 14, 2013.

**Standard of Decision**

Defendant Chase brings this Motion pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief may be granted).

When ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the well-pleaded factual allegations as true. *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005). When evaluating the adequacy of the allegations contained in a complaint, a district court may consider: 1) documents referenced in, or attached to, the complaint and central to the plaintiff's claims; 2) matters of which a court may properly take notice; and 3) public documents and records. *Costell v. Bank of New York Mellon*, 2013 WL 317746 (E.D. Mich. 2013); *Meyer v. Citimortgage, Inc.*, 2012 WL 511995 (E.D. Mich. 2012); *Devlin v. Kalm*, __Fed. App'x __, 2013 WL 4265757 (6th Cir. 2013).

Thus, the Court shall consider the various documents and orders relating to the mortgage,

the bankruptcy proceedings, and the foreclosure proceedings, which are referenced in Plaintiff's First Amended Complaint and central to her claims.

## ANALYSIS

Defendant Chase's Motion seeks dismissal of Plaintiff's First Amended Complaint on multiple grounds: 1) for lack of subject-matter jurisdiction, under the *Rooker-Feldman* doctrine (Def.'s Br. at 9-11); 2) as barred by the doctrine of *res judicata*, collateral estoppel and/or lack of standing (*Id*. at 11-3); 3) for failure to state a "*Kim* claim" upon which relief may be granted (*Id*. at 13-16); and 4) because all of Plaintiff's claims fail to state a claim for additional reasons (*Id*. at 17-23). Chase also asserts that a class action is not an appropriate way to address "*Kim* challenges" and that Dickow, the only named Plaintiff, cannot represent a class of which she is not a part.

**A.     This Court Shall Consider Chase's Challenge Under *Rooker-Feldman* First.**

"The *Rooker-Feldman* doctrine provides that inferior federal courts lack jurisdiction to review the final judgments of state courts." *Hutcherson v. Lauderdale Cty, Tennessee*, 326 F.3d 747, 755 (6th Cir. 2003) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923)). This is because "[f]ederal district courts do not stand as appellate courts for decisions of state courts." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013). "Res judicata provides that federal courts must give state court judgments the same effect the rendering state court would give them." *Hutcherson*, 326 F.3d at 755. The two doctrines are not "coextensive" and the *Rooker-Feldman* doctrine "should be considered first since its application strips federal courts of jurisdiction and the ability to hear a res judicata, or other affirmative, defense." *Id.* This Court shall therefore consider Chase's challenge under the

*Rooker-Feldman* doctrine first.

**B.     The *Rooker-Feldman* Doctrine Precludes This Court From Exercising Subject Matter Jurisdiction Over Dickow's First Amended Complaint.**

The *Rooker-Feldman* doctrine is "designed to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking a review of a state-court decision." *Kovacic v. Cuyahoga Cty. Dept. of Children and Family Svs.*, 606 F.3d 301, 308 (6th Cir. 2010). The application of the doctrine is "confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Givens v. Homecomings Financial*, 278 Fed. App'x. 607,609 (6th Cir. 2008).

In its Motion, Chase asserts that Plaintiff Dickow is a state-court loser who is asking this Court to relieve her from the state court orders and judgment of possession. Chase directs the Court to several analogous decisions from both the Sixth Circuit and district courts within it, including a prior decision by this Court.

In response to Chase's Motion, Plaintiff's Brief contains a two-paragraph response to this challenge, arguing that Chase's *Rooker-Feldman* challenge is "misplaced and incorrect" because Plaintiff "never filed or pursued a state court action. Plaintiff never filed a counter-complaint in state court. Plaintiff only set forth affirmative defenses against Chase's possession complaint in the eviction summary proceedings." (Pl.'s Br. at 5).

Plaintiff has offered no authority in support of her position that *Rooker-Feldman* does not apply here because Plaintiff was the defendant in the state-court action, rather than the plaintiff. And more importantly, there is ample Sixth Circuit authority that clearly indicates her argument

10

is without merit. *See Hutcherson*, 326 F.3d at 755 (discussing the differences between res judicata and explaining "A plaintiff who loses and tries again encounters the law of preclusion [res judicata]. The second complaint shows that the plaintiff wants to ignore rather than upset the judgment of the state tribunal. A *defendant* who has lost in state court and sues in federal court does not assert injury at the hands of his adversary; he asserts injury at the hands of the court, and the second suit therefore is an effort to obtain collateral review. It must be dismissed not on the basis of preclusion [res judicata] but for lack of jurisdiction [*Rooker-Feldman*].") (italics in original); *see also Givens, supra* (affirming dismissal under *Rooker-Feldman* where the plaintiff in the federal case was the defendant in the state-court proceedings.).

The claims asserted in this action are barred by *Rooker-Feldman*, for the same reasons that the complaint in *Givens* was barred. *Givens*, 278 Fed. App'x. at 608. In that case, the homeowner named Givens executed a mortgage on his home and defaulted on the loan. Thereafter, the mortgagee, Chase, foreclosed. After a sheriff's sale was held, Chase brought an eviction action in Michigan's 36th District Court. That state court issued an order granting possession to Chase and requiring Givens to vacate the premises. Givens unsuccessfully appealed to the Wayne County Circuit Court.

After losing in state court, Givens filed an action in federal court, asserting multiple claims, which the district court dismissed under *Rooker-Feldman*. *Id*. at 608-609. On appeal, the Sixth Circuit affirmed, stating: "[t]he district court was correct. Because Givens is effectively attempting to appeal from the state court order granting possession to JP Morgan Chase, his suit was properly dismissed under *Rooker-Feldman*." *Id*. The Sixth Circuit further stated:

> Given's suit fits squarely within this narrow range of cases over which jurisdiction

> does not exist. It is clear from his complaint that the source of Given's injuries is the state possession order. Revealingly, the primary relief that Givens requests in his complaint is a temporary injunction that would 'enjoin Defendants from physically entering onto plaintiff[']s property' and that would 'dispos[e] . . . of any other civil or procedural action regarding the subject property.'

*Id.; see also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. App'x. 487, 489-90 (6th Cir. 2005); *Davis v. U.S. Bank Nat. Assoc.*, 2011 WL 281040 (E.D. Mich. 2011).

Like *Givens*, and a host of other cases within the Sixth Circuit that have been dismissed under *Rooker-Feldman*, Dickow is effectively attempting to appeal from the state court orders and judgment granting Chase possession of the Property. It is clear from Dickow's First Amended Complaint that, regardless of how she titles the various counts within it, the primary relief she is seeking is an order voiding the orders and judgment issued in the state-court foreclosure proceedings:

- Count I, "Injunctive Relief Against Chase Bank:" requesting that the Court enjoin Chase from foreclosing (Pl.'s First Am. Compl. at 12);

- Count II, "Declaratory Relief Against Chase Bank:" requesting that the Court enjoin Chase from eviction or foreclosure proceedings (*Id.* at 13);

- Count III, "Slander Of Title Against Chase Bank:" requesting that this Court revoke the sheriff's deed and restore ownership of the Property to Dickow (*Id.* at 14);

- Count IV, Violation of FDCPA: alleging Chase violated the act by falsely representing it had a mortgage lien (*Id.* at 16);

- Count V, Unjust Enrichment: alleging Chase should not be permitted to benefit from property received "under the guise of a legal foreclosure" (*Id.* at 17);

- Count VI, Fraud: alleging Chase made fraudulent statements that it "had the right to initiate eviction proceedings" (*Id.* at 17);

- Count VII, Trespass: alleging Chase's mortgage documents are "invalid"

  and Chase was "forbidden to foreclose" (*Id*. at 18);

- Count VIII, "Action To Set Aside Foreclosure Sale:" seeking order voiding the foreclosure (*Id.* at 19);

- Count IX, "Action For Possession Against Chase:" asserting Chase "had no right to foreclose" and seeking order voiding foreclosure sale (*Id*. at 19-20);

- Count X, "Action For Damages For Unlawful Interference With Possessory Interest Against Chase:" wherein Dickow seeks recovery of possession of the Property (*Id*. at 20); and

- Count XI, Negligence: alleging Chase failed to record assignment before Sheriff's sale and was proximate cause of "wrongful foreclosure" (*Id*. at 21).

Accordingly, this Court concludes that the *Rooker-Feldman* doctrine precludes this Court from exercising subject matter jurisdiction over the claims in Dickow's First Amended Complaint.[2]

**C.  This Court Shall Dismiss Dickow's First Amended Complaint And Issue A Judgment Closing The Case**

In her First Amended Complaint, Dickow asserts one claim against Defendant Orlans, Count IV, the FDCPA claim. The docket reflects that Orlans has not yet been served.

Although Orlans has not yet appeared, Chase's motion asks the Court to dismiss Dickow's "entire lawsuit." (Def.'s Br. at vii, asking the Court to "dismiss the lawsuit" based on

---

  [2]In Chase's Motion, it also asserted that the Court should dismiss the class allegations in the First Amended Complaint because: 1) a class action is not an appropriate way to address "*Kim* challenges"; and 2) Dickow cannot represent a class of which she is not a part. (Def.'s Br. at 23). In response, Plaintiff's Counsel suggested that they have other clients who could serve as a class representative in this action – but did not file a motion seeking leave to file another amended complaint. Moreover, even if Plaintiff's Counsel had sought leave to name another class representative who had a "*Kim* claim" that was not barred by the *Rooker-Feldman* doctrine, such claims appear to be inherently individualized and therefore inappropriate for class treatment.

13

*Rooker-Feldman*; Def.'s Reply Br. at 1, asserting that the "entire lawsuit" is barred by *Rooker-Feldman*).

Moreover, this Court may *sua sponte* raise and consider the issue of Dickow's claim against Orlans being barred because *Rooker-Feldman* is based upon lack of subject matter jurisdiction. *See Neff v. Flagstar Bank, FSB*, 520 Fed. App'x. 323, 326 (6th Cir. 2013) ("Unlike res judicata, the conceptually related *Rooker-Feldman* doctrine *is* jurisdictional and therefore may be raised by the court *sua sponte*."); *see also Saker v. Nat'l City Corp.*, 90 Fed. App'x. 816, 818 n.1 (6th Cir. 2004) ("Because *Rooker-Feldman* concerns federal subject matter jurisdiction" the court may "raise the issue *sua sponte* at any time.").

This Court concludes that the claim against Orlans is barred under the *Rooker-Feldman* doctrine for the same reason that Count IV is barred as to Chase – the claim is based upon the allegation that Orlans and Chase violated the FDCPA by falsely representing that Chase had a mortgage lien. Thus, to prevail on that claim against Orlans would require this Court voiding the rulings, orders, and judgment issued in the state-court proceedings.

Accordingly, the Court shall dismiss Dickow's claim against Defendant Orlans as barred by the *Rooker-Feldman* doctrine.

**CONCLUSION & ORDER**

For the reasons set forth above, IT IS ORDERED that Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE because her claims are barred by the *Rooker-Feldman* Doctrine.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 15, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 15, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager
